UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL D. LEDERMANN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:13 CV 310 DDN |
| ) | |
| TOM VILLMER, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

This action is before the court upon the petition of Missouri state prisoner Paul Ledermann for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 4.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 8.) For the reasons set forth below, the case is dismissed.

## I. BACKGROUND

On January 15, 2010, following a bench trial, the Circuit Court of Cape Girardeau County found petitioner Paul Ledermann guilty of eight counts of child molestation in the first degree.[1] (Doc. 13, Ex. A at 69, Ex. B at 46.) On March 8, 2010, the trial court sentenced petitioner to eight years imprisonment for each count of child molestation to be served concurrently. (Id., Ex. A at 75, Ex. B at 47-52.) Further, the trial court ordered that petitioner be placed in the Sexual Offender Assessment Unit pursuant to Mo. Rev. Stat. § 559.115. (Id.) On March 22, 2011, the Missouri Court of Appeals affirmed the judgment on direct appeal. (Doc 13, Ex. E); State v. Ledermann, 334 S.W.3d 916 (Mo. Ct. App. 2011).

On April 4, 2011, petitioner filed a pro se motion under Mo. Sup. Ct. R. 29.15 for post-conviction relief. (Doc. 13, Ex. F at 4-8.) On July 12, 2011, petitioner, with the assistance of appointed counsel, filed an amended motion for post-conviction relief. (Id. at 15-39.) On

---

[1] Petitioner originally pled guilty to two counts of child molestation in the second degree but later withdrew his plea. (Doc. 13, Ex. B at 37-38.)

October 26, 2011, following an evidentiary hearing, the motion court denied the motion. (Id. at 41-43.) On December 4, 2012, the Missouri Court of Appeals affirmed the motion court's denial of the motion. (Doc. 13, Ex. J).

On February 19, 2013, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) On March 11, 2013, he amended his petition. (Doc. 4.)

## II. PETITIONER'S GROUNDS FOR FEDERAL HABEAS RELIEF

Petitioner alleges two grounds for relief in this habeas action:

(1) His trial counsel rendered constitutionally ineffective assistance by failing to call petitioner's wife and daughter to testify at his trial.

(2) The trial court deprived petitioner of his due process rights by denying him probation without a hearing following his time in the Sexual Offender Assessment Unit.

(Doc. 4 at 5.)

## III. EXHAUSTION AND PROCEDURAL BAR

Congress requires that state prisoners exhaust their state law remedies for claims made in federal habeas corpus petitions. 28 U.S.C. § 2254(b)(1)(A). A state prisoner has not exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In his amended Rule 29.15 motion, petitioner raised federal Grounds 1 and 2. (Doc. 13, Ex. F at 15-39.) The motion court denied Ground 1 on the merits but did not address Ground 2. (Id. at 41-43.) Petitioner also raised these grounds on appeal. (Id., Ex. H.) The appellate court affirmed the motion court's decision on Ground 1 and rejected Ground 2 on procedural grounds, holding that the petitioner's objection to the trial court's denial of probation without a hearing was not cognizable under Rule 29.15. (Doc. 13, Ex. J at 7.)

Under Missouri law, petitioner's objection to the trial court's probation determination is not cognizable in a motion for post-conviction relief. See Counts v. State, 341 S.W.3d 911, 914-15 (Mo. Ct. App. 2011). Rather, to exhaust his remedies for Ground 2, petitioner must present his claim in a petition for a writ of mandamus. See e.g., State ex rel. Mertens v. Brown, 198 S.W.3d 616, 618 (Mo. 2006); State ex rel. Norwood v. Sheffield, 380 S.W.3d 666, 668 (Mo. Ct. App. 2012). Based on the record, petitioner has not petitioned for a writ of mandamus in state

court. Therefore, although petitioner has exhausted his remedies for federal Ground 1, he has not properly exhausted his state court remedies as to Ground 2.

Federal habeas courts must dismiss habeas petitions that contain a ground on which the petitioner has exhausted his available state court remedies and a ground on which he has not exhausted such remedies. See Rose v. Lundy, 455 U.S. 509 (1982); Pliler v. Ford, 542 U.S. 225 (2004). Such is this case. Petitioner's Ground 2 has not been presented to the Missouri Court of Appeals in a petition for a writ of mandamus. State ex rel. Norwood v. Sheffield, 380 S.W.3d 666, 668 (Mo. Ct. App. 2012).

## CONCLUSION

For the reasons set forth above, the court dismisses the petition of Paul D. Ledermann for a writ of habeas corpus under 28 U.S.C. § 2254. Because there has been no substantial showing of the deprivation of a federal constitutional right, a certificate of appeal is not issued. 28 U.S.C. § 2253(c)(2). An appropriate Judgment Order is issued herewith.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on December 8, 2014.